FILED
2016 Nov-18 PM 04:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **GETA BARR,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:16-CV-1340-VEH |
| | ) |
| **THE JEFFERSON COUNTY** | ) |
| **BARBER COMMISSION,** | ) |
| **FLORENCE JOHNSON, TRINA** | ) |
| **PAULDING, THE CITY OF** | ) |
| **CENTER POINT, THOMAS** | ) |
| **HENDERSON, and JOHN** | ) |
| **WATKINS,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

**I.    INTRODUCTION**

This case was originally filed on or about July 18, 2016, in the Circuit Court of Jefferson County by Plaintiff Geta Barr ("Ms. Barr"). (Doc. 1-1). Defendants Thomas Henderson ("Mr. Henderson") and the City of Center Point ("Center Point") removed this case to federal court on August 17, 2016. (Doc. 1). The case was reassigned to the undersigned on November 14, 2016. (Doc. 13).

Currently pending before this court are Defendants Jefferson County Barber Commission (the "JCBC"), Florence Johnson ("Ms. Johnson"), and Trina

Paulding ("Ms. Paulding")'s Motion To Dismiss, filed on September 26, 2016 (doc. 4), and Ms. Barr's Motion To Remand (doc. 7), filed on September 27, 2016. On September 30, 2016, Mr. Henderson and Center Point filed a Response (doc. 9) to the Motion To Remand (doc. 7), and the remand motion is now under submission. For the following reasons, the Motion To Remand is due to be **DENIED**.

## II.   STANDARD FOR REMAND

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994). For removal to be proper, the court must have subject-matter jurisdiction in the case:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the Defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). In order to effect the removal,

2

> [a] defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a).

In removal cases, the burden is on the party seeking removal to demonstrate that federal jurisdiction exists. *Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005); *see also Parker v. Brown*, 570 F. Supp. 640, 642 (D.C. Ohio, 1983) ("That burden goes not only to the issue of federal jurisdiction, but also to questions of compliance with statutes governing the exercise of the right of removal.")

### III. ANALYSIS

Ms. Barr's Motion To Remand claims that removal by Center Point and Mr. Henderson was fatally defective because they failed to show unanimity of consent by all defendants. "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(2)(A). This provision, known as the "unanimity requirement," provides that "each defendant must join in the removal by signing the notice of removal or by explicitly stating for itself its consent on the

record, either orally or in writing within the 30–day period prescribed in 28 U.S.C. § 1446(b)." *Gabriel v. Life Options Int'l, Inc.*, 2015 WL 1967498, at *7 (S.D. Ala. Apr. 30, 2015) (internal citations omitted).

A remand "based solely on the unanimity requirement is clearly based on a defect in the removal process." *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1044 (11th Cir. 2001) (internal quotations and citations omitted). "The unanimity requirement mandates that in cases involving multiple defendants, all defendants must consent to removal." *Id*. (citing *Chicago, R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 247-48 (1900); *In re Ocean Marine Mut. Protection and Indem. Ass'n, Ltd.*, 3 F.3d 353, 355-56 (11th Cir. 1993)).

However, the unanimity requirement only requires the joinder or consent of "all defendants who have been properly joined and served" as of the time of removal to federal court. 28 U.S.C. § 1446(b)(2)(A); *see also Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1207 (11th Cir. 2008) (requiring that a removing defendant "receive the consent of all then-served defendants at the time he files his notice of removal"). Section 1448, rather than Section 1446(b)(2)(A), governs the procedures for service on a defendant <u>after</u> removal and states as follows:

In all cases removed from any state court to any district court of the

4

> United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court. This section shall not deprive any defendant upon whom process is served after removal of his right to move to remand the case.

28 U.S.C. § 1448.

As another district court in this Circuit has noted, "28 U.S.C. §1448 specifically provides that a defendant that receives service after removal may move to remand the case, but makes no mention of any affirmative filing obligation in the event that the defendant does not wish to obtain a remand." *Packard v. Temenos Advisory, Inc.*, 159 F. Supp. 3d 1344, 1353 (S.D. Ga. 2016).

The court in *Packard* further stated,

> Moreover, the purpose of the unanimous consent rule "is to promote unanimity among the <u>served</u> defendants 'without placing undue hardships on <u>subsequently served</u> defendants.'" *Hooper v. Albany Int'l Corp.*, 149 F. Supp. 2d 1315, 1319 n.2 (M.D. Ala. 2001) (emphasis in original) (quoting *Getty Oil v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1263 (5th Cir.1988)). Accordingly, "**[s]ubsequently served defendants may either 'accept the removal or exercise their right to choose the state forum by making a motion to remand**.'" *Id.* (quoting *Getty Oil*, 841 F.2d at 1263). **A later-served defendant that accepts the removal, however, need not do so by expressly joining in or giving its consent after the fact**. *See, e.g.*, *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir.1993) ("[Defendant] was not served until January 21, 1992, or nearly a month after the removal petition was filed on December 23, 1991, so that its consent was not needed." (citing *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir.1988), and *P.P. Farmers' Elevator Co. v.*

> *Farmers Elevator Mut. Ins. Co.*, 395 F.2d 546, 547-48 (7th Cir.1968))), abrogated on other grounds by *Carroll v. Stryker Corp.*, 658 F.3d 675 (7th Cir.2011); *Lewis v. Rego Co.*, 757 F.2d 66, 69 (3d Cir.1985) ("[T]he removal statute contemplates that once a case has been properly removed the subsequent service of additional defendants who do not specifically consent to removal does not require or permit remand on a plaintiff's motion."); *McArthur v. Wong*, No. 07-0234-M, 2007 WL 4570327, at *1 n.3 (S.D. Ala. Dec. 20, 2007) ("[Defendant] had not been served at the time that this action was removed, so it was unnecessary for him to join in the removal."); *Cramer v. Devera Mgmt. Corp.*, No. 04-2012-JWL, 2004 WL 1179375, at *1-2 (D. Kan. May 27, 2004) (denying the plaintiff's motion to remand grounded in the unanimity rule, because the defendant, who was served after removal and never filed any notice consenting to removal, was not required to join in or consent to the removal).

*Id.* at 1353-54 (emphasis added). The court in *Packard* concluded that, because the later-served defendant was served after the first-served defendant properly removed the case, the later-served defendant was "under no obligation to consent to the removal at any time." *Id.* at 1354.

In her Motion To Remand, Ms. Barr alleges that removal was fatally defective because the JCBC, Ms. Paulding, John Watkins ("Mr. Watkins"), Ms. Johnson, and John Wood ("Mr. Wood")[1] neither joined in the Notice of Removal filed by Mr. Henderson and Center Point nor gave their express written consent to removal in federal court. (Doc. 7 at 7, ¶ 15 and 2, ¶3).

---

[1] On November 17, 2016, Ms. Barr filed a Notice consenting to the dismissal without prejudice of Mr. Wood. (Doc. 17). Mr. Wood was dismissed from this action on November 18, 2016 (Doc. 18), and all claims against Mr. Wood have been dismissed without prejudice.

6

However, Ms. Barr does not dispute that the JCBC, Mr. Watkins, and Ms. Johnson were all served after the Notice of Removal was filed on August 17, 2016.[2] (*Id.* at 2, ¶3). Additionally, though Ms. Barr alleges that Ms. Paulding was served on August 15, 2016 (*Id.*), Mr. Henderson and Center Point attached an affidavit from Ms. Paulding to their responsive motion. In that affidavit, Ms. Paulding declared that she was personally served with papers in this matter on Thursday, August 18, 2016.[3] (Doc. 9-2 at 1). As Ms. Barr has failed to controvert that service on Ms. Paulding occurred on August 18, 2016, the court finds that the JCBC, Ms. Paulding, Mr. Watkins, and Ms. Johnson were all served after the case was removed to federal court and therefore their consent to the removal was not required. Accordingly, removal by Mr. Henderson and Center Point on August 17, 2016, was in accordance with the unanimous consent rule and thus was procedurally proper.

## IV. CONCLUSION

Accordingly, Ms. Barr's Motion To Remand is hereby **DENIED**. In accordance with the Order entered on October 3, 2016 (doc. 12), any opposition to

---

[2] Ms. Barr's Notice of Remand states that the JCBC was served on August 18, 2016; Mr. Watkins was served on August 22, 2016; and Ms. Johnson was served on September 18, 2016. (Doc. 7 at 2, ¶3).

[3] Part of the confusion surrounding the date of service of Ms. Paulding stems from the illegibility of the date written on the summons delivered. (*See* Doc. 9-1).

the Motion To Dismiss (doc. 4) should be filed within ten (10) days of the date of this Order. Any reply should be filed no later than seven (7) days after the date on which the opponent's responsive brief is due. All filings should be briefed according to the requirements of Appendix III of this Court's Uniform Initial Order.

    **DONE** and **ORDERED** this the 18th day of November, 2016.

                                           **VIRGINIA EMERSON HOPKINS**
                                           United States District Judge