## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **GETA BARR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:16-CV-1340-VEH** |
| | ) | |
| **FLORENCE JOHNSON, TRINA** | ) | |
| **PAULDING, THE CITY OF** | ) | |
| **CENTER POINT, THOMAS** | ) | |
| **HENDERSON, and JOHN** | ) | |
| **WATKINS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

On July 18, 2016, Plaintiff Geta Barr ("Ms. Barr") filed her Complaint in the

Circuit Court of Jefferson County, Alabama, alleging sixteen claims against several

Defendants stemming from the issues surrounding her barber shops. (*See* Doc. 1-1).

The case was removed to the Northern District of Alabama on August 17, 2016. (Doc.

1). On May 15, 2018, the Court granted in part a motion for summary judgment,

dismissing all the remaining federal claims in the process. (Docs. 76, 77). After all

federal claims were dismissed, the Court exercised its discretion to remand the case

to state court, Ms. Barr's original choice of forum. (Docs. 76, 77, 78). Unhappy with

the result, Ms. Barr filed the instant Motion To Vacate Summary Judgment (the

"Motion") on June 12, 2018. (Doc. 79). At this early juncture, the Defendants have

not briefed the Motion. They do not need to do so as Ms. Barr has not met the Rule

59(e) standard. The Motion is due to be **DENIED**.

## II.    STANDARD

The first task for the Court is to determine whether Ms. Barr is seeking relief

under Rule 60(b) or Rule 59(e). In what is turning out to be a recurrent theme, she

expects the Court to infer this on its own. The Court is reading the Motion as being

brought under Rule 59(e) because it appears what Ms. Barr really wants is for the

Court to vacate its judgment and proceed to a trial. (*See* Doc. 79 at 16).[1] Rule 59(e)

provides a means for a Court "to alter or amend a judgment." *See* FED. R. CIV. P.

59(e) (capitalization and emphasis omitted).

The grant or denial of a motion to reconsider is left to the discretion of the

district court. *See Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993

F.2d 800, 806 (11th Cir. 1993) (holding that abuse of discretion standard applies "to

a district court's grant of a motion for reconsideration of a non-final judgment");

*Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) ("We review the

---

[1]  The Court assumes, without deciding, that vacating its summary judgment would lead
to the entire case returning to this Court from state court – a rare procedural occurrence. *Cf. J.O.
v. Alton Community Unit School Dist. 11*, 909 F.2d 267 (7th Cir. 1990).

district court's . . . denial of a motion to reconsider summary judgment only for abuse of discretion." (citing *Cavaliere v. Allstate Ins. Co.,* 996 F.2d 1111, 1115 (11th Cir. 1993))). Nonetheless, in the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly. *See, e.g., United States v. Bailey*, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003); *Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa. 1992); *Spellman v. Haley*, No. 97-T-640-N, 2004 WL 866837, at *2 (M.D. Ala. Feb. 22, 2002) ("[L]itigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling." (citing *Richards v. United States*, 67 F. Supp. 2d 1321, 1322 (M.D. Ala. 1999))). Indeed, as a general rule, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Summit Med. Ctr. of Ala., Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003).

"The purpose of a Rule 59(e) motion is not to raise an argument that was previously available, but not pressed." *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998).

## III.   ANALYSIS

Ms. Barr argues that the Court's ruling on May 15 conflicts with established

law. (*See* Doc. 79 at 3). Ms. Barr then goes on for about twelve pages to make an argument that she could have made in her initial response to summary judgment – *i.e.* applying *McKinney v. Pate* would be inappropriate in these circumstances. (*See id.* at 3-12). The problem is that Ms. Barr did not explain to the Court in that response why applying *McKinney* would be inappropriate. (*See* Doc. 63 at 15-20). In fact, Ms. Barr barely cited *McKinney* at all in her whole 38 page brief. (*See id.* at 1-38). And neither of those citations related to her current argument that *McKinney* does not apply. (*See id.* at 15, 19).

Further, Ms. Barr should not be surprised that the Court applied *McKinney*. This is not the first time in this litigation that *McKinney* has been cited in dismissing one of her claims. (*See* Doc. 35 at 15-22); *Barr v. Jefferson Cty. Barber Comm'n*, 250 F. Supp. 3d 1245, 1256-57 (N.D. Ala. 2017). Ms. Barr had ample time to prepare her response to a predictable argument.

Ms. Barr also cites numerous cases in her Motion that were not cited in the original summary judgment response.[2] In her Motion, Ms. Barr cites *Quik Cash Pawn & Jewelry, Inc. v. Sheriff of Broward City*. (*See* Doc. 79 at 4) (citing 279 F.3d 1316). That case is nowhere to be found in Ms. Barr's summary judgment response. (*See generally* Doc. 63). In her Motion, Ms. Barr cites *United States v. Land*. (*See* Doc. 79

---

[2] None of these cases were decided after the Court's summary judgment ruling.

at 8) (citing 163 F.3d 1295). That case also was not mentioned in her summary judgment response. (*See generally* Doc. 63). The same is true of Ms. Barr's citations to *G.W. v. Dale County Dep't of Human Resources*, *City of Birmingham v. Southern Bell Tel. & Tel. Co.*, *State v. Albritton*, *Ex parte Alabama Textile Prods. Corp.*, *Flatford v. City of Monroe*, *Plumer v. State of Md.*, *Matthias v. Bingley*, *Vitek v. Jones*, and *Arnett v. Kennedy*. (*See* Doc. 79 at 8-14). None of those nine cases are cited in Ms. Barr's response to summary judgment. (*See* Doc. 63).

There is more. Ms. Barr argues that the Court "failed to consider the United States Supreme Court's holding pronounced in *Zinermon v. Burch*" when she never argued the applicability of the *Burch* decision in her discussion of federal procedural due process. (*See* Doc. 79 at 11) (emphasis changed); (*See* Doc. 63 at 15-20). In fact, the *Burch* decision does not appear a single time in her entire brief. (*See id.* at 1-38).

Ms. Barr argues that the memorandum opinion runs afoul of *U.S. v. James Daniel Good Real Prop.* and *Mathews v. Eldridge*. (*See* Doc. 79 at 3). Unlike the litany of cases Ms. Barr has now discovered and wants to argue for the first time, these two cases do appear in her summary judgment opposition. (*See* Doc. 63 at 19, 24). However, unlike the stars Ms. Barr now wants to argue them as, originally she relegated them to cameo roles. (*See id.*). Ms. Barr first cited *James Daniel* to discuss how due process rights relate to a home, even though this is a case about a business.

(*See* Doc. 63 at 19). Her second citation to *James Daniel* is a mere "*cf.*" cite, standing for not much more than the proposition that the government must follow the Due Process Clause. (*See id.* at 24). *Mathews* is relegated to another case's parenthetical in the first instance (discussing homes again) and supporting the idea that the defendants do not argue it (though neither does Ms. Barr) in the second. (*See* Doc. 63 at 19, 24).

Even "a passing reference to an issue in a brief [is] insufficient to properly raise that issue." *See Transamerica Leasing, Inc. v. Inst. of London Underwriters*, 430 F.3d 1326, 1331 n.4 (11th Cir. 2005) (citing *Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989)). "A party who aspires to oppose a summary judgment motion must spell out his arguments <u>squarely and distinctly</u>, or else forever hold his peace." *Higgins v. New Balance Ath. Shoe Inc.*, 194 F.3d 252, 260 (1st Cir. 1999) (citing sources) (emphasis added). Instead of meandering through a discussion about private homes (*see* Doc. 63 at 19-20) and employment law (*see id.* at 21), Ms. Barr could have been making the arguments and applying the factors she now raises in her Motion (*see* Doc. 79 at 3-15). The Court need not detail every argument raised in her Motion compared to what she submitted to the Court at the summary judgment stage. *Compare* Doc. 63 at 18-23 *to* Doc. 79 at 3-15. It is sufficient to say that the contrast is stark. Notably, Ms. Barr is represented by counsel, meaning that her

pleadings are given no special lenience.

It is not the Court's job to formulate all the arguments that could have been made on behalf of Ms. Barr. "Under the adversary system, it is counsel's responsibility to explain why these points have legal merit; the Court does not serve as counsel's law clerk." *Federal Ins. Co. v. County of Westchester*, 921 F. Supp. 1136, 1139 (S.D.N.Y. 1996). The importance of raising arguments clearly cannot be understated.

## IV. CONCLUSION

Ms. Barr had her chance to present to the Court all her arguments, including any arguments regarding her procedural due process rights. The Court carefully considered what she said. However, at this late juncture, Ms. Barr has not met the Rule 59(e) standard (a standard she does not mention, or argue, in her Motion). Ms. Barr will not be afforded the "second bite at the apple." *See O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992). Accordingly, the Motion is **DENIED**.

**DONE** and **ORDERED** this the 21st day of June, 2018.

**VIRGINIA EMERSON HOPKINS**
United States District Judge