# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **GETA BARR**, ) | |
|     **Plaintiff,** ) | |
| ) | |
| **v.** ) | Case No. 2:16-CV-01340-CLM |
| ) | |
| **JEFFERSON COUNTY BARBER** ) | |
| **COMISSION, et al.,** ) | |
|     **Defendants.** ) | |

## MEMORANDUM OPINION

After suing Defendants, Geta Barr filed for Chapter 7 bankruptcy. The bankruptcy trustee has asked the court to join him as a co-plaintiff (doc. 115).

Defendants have moved to dismiss this suit because Chapter 7 debtors lack standing to bring civil claims and because Barr (arguably) failed to disclose this case to the bankruptcy court (docs. 112 & 114). Barr has moved for leave to file a supplemental evidentiary submission that bears on these issues (doc. 124).

For the reasons explained within, the trustee's motion for joinder (doc. 115) will be **GRANTED in part.** Defendants' motions to dismiss (docs. 112 & 114) will be **GRANTED in part and DENIED in part**. And Barr's motion to supplement the record (doc. 124) will be **GRANTED**.

## BACKGROUND

Barr sued Defendants in Jefferson County Circuit Court on July 18, 2016. A month later, Defendants removed the case to this court.

Before she sued Defendants, Barr had begun Chapter 13 proceedings in the Bankruptcy Court for the Northern District of Alabama. After filing this lawsuit, Barr amended her statement of financial affairs in the bankruptcy court and listed this lawsuit, among others.

On July 14, 2017, the bankruptcy court allowed Barr's bankruptcy attorney to withdraw from representing her. On July 26, Barr retained new counsel, Joe Erdberg, who moved to dismiss the Chapter 13 proceedings. A day later, the bankruptcy court granted the motion and dismissed Barr from the Chapter 13 proceedings.

A few hours later, Barr (through Erdberg) filed a new Chapter 13 bankruptcy petition in the same court where Barr had begun her initial Chapter 13 proceedings. Barr claims she told Erdberg about this case, but the new petition failed to identify this lawsuit. Nor did the petition disclose that a month prior Barr had settled a separate 2015 lawsuit against Center Point Center Owner. Instead, the petition listed only one lawsuit: a 2017 state court suit Barr had brought against the Jefferson County Barber Commission ("JCBC"). When Barr amended her schedule of assets and liabilities in August 2017, Barr again only listed the 2017 state court case.

In January 2019, Barr voluntarily converted her Chapter 13 bankruptcy petition to a Chapter 7 petition. Once again, Barr failed to disclose this suit to the bankruptcy court. Instead, she listed as her only unliquidated claims the 2017 state court suit against the JCBC and the 2015 suit against Center Point Center Owner. Barr had, however, already resolved both lawsuits. In May 2019, Barr told the bankruptcy trustee at a creditors' meeting that she had sued the JCBC and Center Point for shutting down her business.[1] Soon after, the bankruptcy trustee determined that he had fully administered Barr's bankruptcy estate, and the bankruptcy court dismissed Barr as a debtor.

In February 2020, Barr emailed Erdberg and asked if he had listed this suit on her Chapter 7 petition. His secretary emailed back that she had disclosed this case. Then, on March 27, Defendants moved to dismiss this case, asserting that as a Chapter 7 debtor Barr lacked standing and that the doctrine of judicial estoppel barred her claims. Three days later, Barr asked the bankruptcy court to reopen the Chapter 7 proceedings so that she could disclose this lawsuit. The bankruptcy court granted Barr's motion. The bankruptcy trustee then moved this court to allow him to join this suit as a co-plaintiff.

---

[1] The court **grants** Barr's motion for leave to file a recording of this creditors' meeting as a supplemental evidentiary submission (doc. 124).

## ANALYSIS

**I.      The court will substitute the bankruptcy trustee as plaintiff.**

A plaintiff has Article III standing when she (1) suffered an actual or imminent "injury in fact," (2) the injury is fairly traceable to the defendant, and (3) the injury will likely be redressed by a favorable decision. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Barr's lawsuit meets these requirements because she alleges an injury (lost income) caused by Defendants' temporary closure of her businesses, and that injury can likely be redressed by money damages. But because Barr has filed for Chapter 7 bankruptcy, her legal interest in this case belongs to the bankruptcy estate. *See* 11 U.S.C. § 541(a). Thus, the bankruptcy trustee, and not Barr, has "exclusive standing to assert" her claims in this court. *See Barger v. City of Cartersville*, 348 F.3d 1289, 1292 (11th Cir. 2003), *overruled on other grounds by Slater v. U.S. Steel Corp.*, 871 F.3d 1174, 1185 (11th Cir. 2017) (en banc).

So the court must decide whether to (1) dismiss this suit or (2) substitute the trustee as plaintiff. The court chooses the second option because it best reflects Eleventh Circuit case law. In fact, when faced with nearly identical circumstances, the Eleventh Circuit has used Federal Rule of Civil Procedure 25(c) to substitute a bankruptcy trustee for the plaintiff in an action brought by a Chapter 7 debtor. *See Barger*, 348 F.3d at 1292–93. That Rule provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on

motion, orders the transferee to be substituted in the action or joined with the original party." FED. R. CIV. P. 25(c). Although the bankruptcy trustee's motion for joinder cites Federal Rule of Civil Procedure 17, the court construes the trustee's motion as a motion to substitute under Rule 25. And in keeping with the Eleventh Circuit's practice, the court will grant the motion in part by allowing the trustee to take Barr's place as the plaintiff.

But the court denies the trustee's request that Barr remain a plaintiff. As the trustee "has exclusive standing" to prosecute this case, *see Barger*, 348 F.3d at 1292, Barr lacks standing to continue as a plaintiff. Thus, the court, by separate order, will dismiss Barr from this case without prejudice and direct the clerk to substitute the bankruptcy trustee as the proper plaintiff to this suit.

## II. The court will defer ruling on the issue of judicial estoppel.

Having answered the jurisdictional questions raised by Barr's bankruptcy, the court now turns to the issue of judicial estoppel.

Judicial estoppel is an equitable doctrine that prevents a party from "asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002), *overruled on other grounds by Slater*, 871 F.3d at 1185. Defendants ask the court to use judicial estoppel to limit the potential recovery in this case to an amount that would satisfy Barr's bankruptcy creditors.

In making a judicial estoppel determination, district courts consider "whether (1) [a] party took an inconsistent position under oath in a separate proceeding, and (2) these inconsistent positions were 'calculated to make a mockery of the judicial system.'" *Slater*, 871 F.3d at 1181 (quoting *Burnes*, 291 F.3d at 1285). The first element is easily met. By failing to disclose this case in some of her bankruptcy schedules, Barr took inconsistent positions under oath. *See Smith v. Haynes & Haynes, P.C.*, 940 F.3d 635, 644 (11th Cir. 2019).

Whether Barr's inconsistent positions "were calculated to make a mockery of the judicial system," *Slater*, 871 F.3d at 1185, is a closer question. "[T]o determine whether a plaintiff's inconsistent statements were calculated to make a mockery of the judicial system, a court should look to all the facts and circumstances of the particular case." *Id.* at 1185. Relevant factors include:

- the plaintiff's level of sophistication,

- whether and under what circumstances the plaintiff corrected the disclosures,

- whether the plaintiff told her bankruptcy attorney about the civil claims before filing the bankruptcy disclosures,

- whether the trustee or creditors were aware of the civil lawsuit or claims before the plaintiff amended the disclosures,

- whether the plaintiff identified other lawsuits to which he was party, and

6

- any findings or actions by the bankruptcy court after the omission was discovered.

*Id.*

Some of these factors cut against Barr. For example, Barr was sophisticated enough to disclose this lawsuit in her first Chapter 13 bankruptcy proceeding. And it is suspicious that Barr dismissed a Chapter 13 proceeding that listed this suit as an unliquidated claim and then a few hours later filed a new bankruptcy petition that failed to mention this case. The timing of Barr's amendment to her disclosures is also suspect as it did not occur until after Defendants had moved to dismiss Barr's claims on judicial estoppel grounds. Plus, Barr's disclosure of the state court suit against JCBC shows that she understood that the documents she was signing were asking her to disclose recent lawsuits. *Cf. Weakley v. Eagle Logistics*, 894 F.3d 1244, 1246 (11th Cir. 2018) (noting that courts could infer an intent to deceive when plaintiff disclosed two lawsuits but failed to disclose two others).

Other factors support Barr. For example, Barr testifies that she twice informed Erdberg about this lawsuit. And she did ask whether her attorney had included this suit in her bankruptcy schedules about a month *before* Defendants filed their motions to dismiss. Also weighing in Barr's favor is the bankruptcy court's decision to allow Barr to reopen the Chapter 7 proceedings so that the bankruptcy trustee could administer this case. *See Slater*, 871 F.3d at 1186–87. Finally, Barr's statement at the creditors meeting that she had a lawsuit against the JCBC and Center Point for

7

shutting down her business suggests that Barr was not trying to hide this lawsuit from her creditors—she was just unskilled on how to properly disclose/describe it.

Because this issue is a close call, and Defendants are not seeking to judicially estop the trustee, the court will deny Defendants' motion for judicial estoppel without prejudice. Defendants may raise this issue in a post-trial motion if the trustee recovers damages that exceed "an amount that would satisfy all creditors and the costs and fees incurred" by the trustee. *See Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1273 n.4 (11th Cir. 2004). At that time, the court will hold an evidentiary hearing to determine whether it should reduce the jury award.

## CONCLUSION

In summary, the court will **GRANT** Barr's motion to supplement the record (doc. 124). The court will **GRANT in part** the trustee's motion for joinder (doc. 115) by substituting him as the plaintiff. The court will **GRANT in part and DENY in part** Defendants' motions to dismiss (docs. 112 & 114) by dismissing Barr but deferring ruling on the judicial estoppel issue until after trial. The court will enter a separate order that carries out these findings and dismisses Barr as the plaintiff.